IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONTA DRINKARD, #38616-177 § | | |
|     Petitioner/Movant, § | | |
| § | | |
| v. § | | 3:10-CV-1995-O-BK |
| § | | (3:09-CR-092-O(01)) |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred for findings, conclusions, and recommendation. Petitioner, a federal prisoner incarcerated within the Bureau of Prisons, filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Government filed a response and Petitioner filed a reply. For the reasons stated below, it is recommended that the District Court deny the section 2255 motion.

### I. BACKGROUND

Petitioner pled guilty to one count of possession with intent to distribute a controlled substance. *United States v. Drinkard*, No. 3:09-CR-92-M(01) (N.D. Tex. 2009). The Court sentenced him to 188 months' imprisonment and a five-year term of supervised release, and the government, pursuant to the plea agreement, dismissed the remaining count – felon in possession of a firearm. *Id.* The United States Court of Appeals for the Fifth Circuit dismissed Petitioner's direct appeal for want of prosecution. *United States v. Drinkard*, No. 09-10970 (5th Cir. Nov. 4,

2009). Thereafter, Petitioner filed this timely section 2255 motion. (Doc. 1.)[1] In the first ground, he asserts his guilty plea was not knowing and voluntary because his counsel rendered ineffective assistance by failing to advise him about a potential offense-level increase under the sentencing guidelines for possession of a firearm. (Doc. 3 at 7.) In the second ground, he asserts counsel failed to challenge the search warrant and request *Franks* and *Dunaway* hearings. (*Id.*)

## II. ANALYSIS

Following conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Under 28 U.S.C. § 2255, a petitioner ordinarily can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*).

To establish ineffective assistance of counsel, a petitioner must show both deficient performance by counsel and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires the petitioner to establish (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687-694. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697.

To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

---

[1] With the District Court's permission, Petitioner filed an amended section 2255 motion on January 4, 2011. (Doc. 2, 3.)

assistance." *Id.* at 689. In the context of a guilty plea, "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore,* 131 S. Ct. 733, 741 (2011). "[H]abeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel. *Id.* This is particularly important in the case of an early plea, where neither side may know with certainty the course the case may take. *Id.* at 742.

To establish prejudice in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### A. Ineffective Assistance of Counsel and Potential Offense-Level Increase

Petitioner asserts "defense counsel failed to inform . . . [him of] the consequences of [the] plea agreement or that the firearm[] could be used . . . to enhance . . . [his] sentence." (Doc. 1 at 7.) He also claims "Defense Counsel erroneously informed . . . [him] that by accepting the plea agreement and pleading guilty to the drugs[, the] Government would drop the firearm [charge and] . . . no information or conduct concerning the firearm could be used later [at sentencing]. (*Id.*)

Petitioner stipulated in the Factual Resume that when officers encountered him during the execution of a search warrant at his apartment, he was in possession of a firearm. (Factual Resume at 2.) Relying on this information, a two-level increase in offense level was applied under USSG §2D1.1(b)(1). *See* PSR ¶ 28.

1.   Voluntariness of Guilty Plea

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining whether a plea is voluntary, courts consider all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Washington,* 480 F.3d 309, 315 (5th Cir. 2007). A defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998). Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

In this case, Petitioner's guilty plea was knowing and voluntary. At rearraignment, Petitioner testified that he had read the indictment and understood the charges against him. *See* Rearraignment Tr. at 9. The Court asked government counsel to read aloud the essential elements that it would have to prove in order for Petitioner to be found guilty at trial; Petitioner then admitted he committed each of those elements. *Id.* at 9–10. Petitioner also admitted discussing the issue of punishment and how the Sentencing Guidelines might apply to his case with defense counsel, with whom he stated he was fully satisfied. *Id.* at 11. Petitioner testified that he understood that he faced a minimum term of ten years' imprisonment, a maximum term

of life imprisonment, and a fine of up to $4 million. *Id.* at 12–13. He further testified that he understood that the Sentencing Guidelines, although advisory, would apply to his case. *Id.* at 7–8. Petitioner assured the Court that he had reviewed the plea agreement with his attorney and understood all of its provisions, including the minimum and maximum punishment and the waiver of the right to appeal. *Id.* at 12-13, 16, 18. In addition, he confirmed reading the factual resume before signing it and agreed the stipulated facts were true. *Id.* at 22.

Petitioner asserts counsel misadvised him or failed to advise him of the potential offense-level increase for possession of a firearm during the drug-trafficking crime. His claim, however, is without merit. At rearraignment, Petitioner testified that he understood that his sentence would be decided by the District Court and that he should not depend or rely upon statements or promises from anyone as to what his penalty would be. *See* Rearraignment Tr. at 7–8. Petitioner also testified that he understood that his sentence could not be determined until after the presentence report had been prepared. *Id.* at 8. Notably, Petitioner testified that no one had made any promise or assurance to him of any kind in an effort to persuade him to plead guilty. *Id.* at 18-19. Finally, he testified that he understood that his punishment would be assessed somewhere within the range provided by statute. *Id.* at 19.

Petitioner fails to meet the high burden of proving that his plea was not knowing and voluntary when his testimony at rearraignment completely contradicts his recent claims to the contrary. *See United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002) (giving statements during plea "colloquy greater weight than unsupported, after-the-fact, self-serving assertions"). Accordingly, based on the record, the undersigned rejects Petitioner's conclusory, self-serving assertion that counsel either misadvised him or failed to advise him about the potential offense-

level increase for possession of a firearm, and concludes, as did the District Judge, that Petitioner's guilty plea was knowing and voluntary.

    2.    <u>Ineffective Assistance of Counsel</u>

Having found no basis for concluding defense counsel neither misadvised or failed to advise Petitioner about the potential offense-level increase, the undersigned concludes counsel's representation was not manifestly deficient. Therefore, Petitioner has not established ineffective assistance on this basis.

Furthermore, even assuming deficiency for purposes of the instant section 2255 motion, counsel's alleged incorrect advice or failure to advise about the potential offense-level increase did not prejudice Petitioner in light of his affirmative statements at rearraignment and the specific admonitions of the Court to him. *See Lott v. Hargett,* 80 F.3d 161, 167-68 (5th Cir. 1996) (recognizing that when attorney allegedly provides misinformation to defendant prior to his plea, any potential prejudice may be cured during the plea colloquy). Petitioner has shown no reasonable probability that, at the time of his plea, he would have insisted on proceeding to trial in the absence of the alleged statements or misstatements of counsel. As noted above, in the plea agreement and during the plea colloquy Petitioner specifically was advised that the statutory maximum sentence was life imprisonment, and that the Court was solely responsible for determining the appropriate sentence after review of the PSR, which had yet to be completed. In addition, it is clear that Petitioner understood the nature of the charge against him and the consequences of his plea. Petitioner reaped substantial benefit from his plea as well. By pleading guilty, Petitioner avoided prosecution for one count of possession of a firearm by a felon. He also obtained a three-level reduction in offense level for acceptance of responsibility.

*See* PSR ¶ 32. Under the totality of circumstances, as previously concluded, Petitioner voluntarily entered his plea of guilty notwithstanding counsel's alleged error in advising or in failing to advise about the offense-level increase for possession of a weapon. Therefore, Petitioner's first claim of ineffective assistance of counsel fails.

B.  **Ineffective Assistance of Counsel and Search Warrant**

In his second ground, Petitioner asserts "[d]efense counsel failed to challenge the search warrant or . . . put it to any meaningful adversarial testing" by requesting a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), and *Dunaway v. New York*, 442 U.S. 200 (1979). (Doc. 3 at 7.)

A *Franks* hearing is held where the trustworthiness of an affidavit used to obtain a warrant is called into question with specific "allegations of deliberate falsehood or of reckless disregard for the truth . . . [,] accompanied by an offer of proof." *Franks,* 438 U.S. at 156, 171. Petitioner, however, does not sufficiently challenge the trustworthiness of the search-warrant affidavit. *See id.* at 171 ("challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine."). Apart from a conclusory statement in Petitioner's reply that "there were lies in the application for the search warrant," his pleadings do show how the search-warrant affidavit was false. (Doc. 3 at 7; Doc. 13 at 2.) Therefore, defense counsel was not deficient in failing to request a *Franks* hearing on meritless grounds. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (defense counsel's failure to file motion to suppress based on faulty search warrant was not deficient because Sixth Amendment does not require counsel "to file meritless motions").

Petitioner's contention that counsel was ineffective in failing to request a *Dunaway* hearing fares no better. A *Dunaway* hearing is used to determine whether a statement or other intangible evidence obtained from a person arrested without probable cause should be suppressed at a subsequent trial. *Dunaway*, 442 U.S. at 202. As the government correctly observes, however, Petitioner cannot prevail on his *Dunaway* claim because the police officers had probable cause to arrest him – Petitioner was present in a known drug apartment, for which the officers had obtained a search warrant, and he possessed money and a gun. He was arrested when officers executing a search warrant observed a firearm next to him, in plain view. (Doc. 8 at 12.)

Lastly, Petitioner asserts counsel rendered ineffective assistance in failing to contest the search of the apartment on the basis that he was "only a visitor." (Doc. 3 at 7.) The government correctly notes, however, that as a visitor, Petitioner lacked standing to challenge the search of the apartment. *Rakas v. Illinois*, 439 U.S. 128, 133–134 (1978) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted."); *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (to establish standing, a defendant must demonstrate that he had a legitimate expectation of privacy in the place searched, and that his expectation was reasonable). Therefore, absent standing, counsel was not deficient in failing to raise a frivolous objection to the search of the apartment. *See United States v. Preston,* 209 F.3d 783, 785 (5th Cir. 2000) (citing *Green v. Johnson,* 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness....").

C.  **New Claim Raised in Petitioner's Reply**

In his reply, Petitioner seeks to submit an "amended list of rights violations" that he claims entitles him to relief under section 2255. (Doc. 13 at 1.) He raises for the first time a claim under *United States v. Booker,* 543 U.S. 220 (2005), and incorporates by reference claims raised in his motion to amend, which the Court previously denied without prejudice. (*Id.* at 1-3.) Apart from the *Booker* claim, however, Petitioner states that the "issues were already before this court save the[] language being slightly different." (Doc. 13 at 2.)

Petitioner cannot amend his section 2255 motion to raise any *new* claim without first complying with procedural and substantive requirements for seeking leave to amend, as the Court previously ordered. (*See* Doc. 12.) Because more than 21 days have elapsed since the filing of the government's response, Petitioner "may amend [his] pleading only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2). He, however, has not filed a motion to amend along with a proposed second amended section 2255 motion, setting out all grounds for relief that he seeks to raise in this action – i.e., newly raised claims as well as previously raised claims. *See* Local Rule 15.1 (requiring that motion for leave to file amended pleading must be accompanied by proposed amended pleading).

In addition, Petitioner's reliance on *Booker* (which was decided several years before his sentencing) is mistaken and, thus, his proposed amendment would be futile *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of amendment as an adequate justification to refuse to grant leave to amend). By rendering the Sentencing Guidelines advisory, *Booker* eliminated the Sixth Amendment concerns that prohibited a sentencing judge from finding facts relevant to sentencing. *United States v. Mares,* 402 F.3d 511, 519 (5th Cir. 2005) (under the advisory

sentencing regime established in *Booker,* "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence."). Therefore, because Petitioner's sentence did not violate the Sixth Amendment as interpreted by *Booker*, counsel did not render ineffective assistance in failing to object at sentencing. (Doc. 13 at 1.)

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 3) be **DENIED**.

SIGNED August 3, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE